## GEORGE H. RICHMOND *vs.* FRANKLIN WHITTLESEY & another.

No exception lies to the decision of a judge of the superior court overruling an answer in abatement based upon an alleged want of legal service of the writ upon the defendants.

If the return of the officer shows that personal service of a writ was made upon the defendant, neither a motion to dismiss the action, nor in arrest of judgment, on the ground that at the time when the service was made the defendant, a resident of another state, had no property in this commonwealth, and was himself here in attendance upon the court of common pleas, to answer to an indictment against him, having been brought here upon a requisition, can be sustained.

Two agreements in writing executed on the 13th of May 1857, by C. D., as follows: "This certifies that I agree to pay A. B. twenty four dollars per month for eight months peddling, commencing on the 16th day of March 1857, reference being had to an agreement between said A. B. and C. D. for one horse sold to said A. B. this day, which is to be used by said A. B. for peddling for the above time;" "This certifies that I have this day sold A. B. one grey horse for four months and one half peddling, he to use said horse for the above time for that purpose, and the horse not to be his till paid for;" disclose no latent ambiguity, and their construction is for the court; and the title to the horse is vested in A. B. by his performance of the specified service for four and one half months after the 16th of March 1857.

A general verdict for the plaintiff in an action of tort against two defendants, with counts for assault and battery, conversion of personal property, and slander, with an assessment of entire damages, furnishes no ground for a motion in arrest of judgment, if the jury were expressly instructed that the defendants were not responsible on the count for slander, and no request was made that the damages should be assessed on each count separately.

TORT. The first and second counts were for an assault and battery and false imprisonment; the third, for the conversion of a horse; and the fourth, for slander in charging the plaintiff with stealing the defendants' horse.

The defendants, who were residents of the State of New York, and upon each of whom personal service of the writ was made, filed an answer in abatement in the superior court, at the return term, denying that they were amenable to the jurisdiction of the court, because at the time when service was made upon them they were in this commonwealth in attendance upon the court of common pleas, to answer to an indictment against them for the same acts which are the grounds of this action, and that they were brought here from the State of New York upon a requisition, and did not reside and had no property in this commonwealth, and that the object of the plaintiff in procuring the indictment and requisition was to enable him to make service upon them in this action; but this answer was overruled on demurrer.

The defendants then filed an answer justifying the assault and battery and imprisonment under a warrant of a magistrate of the State of New York; denying the conversion; and saying that if they made the charge alleged in the fourth count it was done in the course of judicial proceedings and without malice.

Before entering upon the trial, the defendants moved to dismiss the action for want of jurisdiction, and in support of the motion offered to prove the facts stated in the answer in abatement; but the motion was disallowed.

At the trial, the plaintiff introduced evidence tending to show that the defendant Whittlesey, who lived at Clyde in the State of New York, employed the plaintiff as a tin-peddler in that neighborhood, furnishing him with a horse and wagon to be used in the business; that about two months afterwards a new agreement was made in writing, as follows: " This certifies that I agree to pay George H. Richmond twenty four dollars per month for eight months' peddling, commencing on the 16th day of March 1857, reference being had to an agreement between said G. H. Richmond and F. Whittlesey for one horse sold to said Richmond this day, which is to be used by said Richmond for peddling for the above time.   Clyde, May 13, 1857.

" F. Whittlesey "

On the same day another agreement was made, as follows:
" Clyde, May 13, 1857. This certifies that I have this day sold
George H. Richmond one grey horse which was bought of Mr.
Marsh, for four months and one half peddling, he to use said
horse for the above time for that purpose, and the horse not to
be his till paid for.                          F. Whittlesey."

The plaintiff continued in Whittlesey's service until September 5th 1857, when some disagreement between them arose,
and the plaintiff secretly and by night took the horse, and, after
leaving the wagon and load under Whittlesey's warehouse,
started for his home, in Adams, in Berkshire county, but was
overtaken at Williamstown in the same county by the defendants, who seized him and compelled him to turn about and put
handcuffs upon him, and deprived him of the horse, and carried
him back into the State of New York. The defendants had no
warrant or other process from any magistrate or court of this
commonwealth, but had a warrant against the plaintiff which
was regularly issued by a magistrate having jurisdiction in the
State of New York, before whom the plaintiff was taken and on
a hearing discharged. This warrant was issued on the complaint of Whittlesey, and put into the hands of the other defendant, a constable, for service.

It was contended by the defendants that the plaintiff was not
the owner of the horse, but had stolen him from Whittlesey, and
that this fact might be considered in mitigation of damages;
and *Ames*, J. ruled that, if the plaintiff did steal the horse, the
fact might be considered in mitigation of damages; but that if
the plaintiff had in fact worked for Whittlesey in peddling for
four and one half months, including the period before the execution of the written papers, he had thereby paid for the horse;
and that the defendants were not responsible in this action for
the alleged slander.

A verdict was returned for the plaintiff for $1238.26.

The defendants moved in arrest of judgment, assigning the
following causes: 1. Because the court had no jurisdiction of
the defendants, and no legal service was made upon them.
2. Because the verdict is a general verdict on four counts, and

it does not appear on which counts the jury found for the plaintiff, or how damages were assessed by them on the several counts 3. Because the fourth count charges a slander by both defendants, and in law no verdict could be rendered thereon against both defendants.    The judge overruled the motion.

The defendants alleged exceptions.

*J. D Colt*, for the defendants.    1. The matter set·up in abatement of the writ affecting the jurisdiction of the court may be brought before this court on exception in some one of the modes attempted.    Gen. Sts. *c.* 115, § 7 ; *c.* 129, § 79.    *Browning* v. *Bancroft*, 5 Met. 88.    *Sawyer* v. *Pratt*, 9 Met. 170.    *Elder* v. *Dwight Manuf. Co.* 4 Gray, 204.

2. No legal service was made on the defendants, and they were not amenable to the jurisdiction of the court.    *Julio* v *Bolles*, 22 Law Reporter, 357.    *M'Neil's case*, 3 Mass. 288 *Williams* v. *Bacon*, 10 Wend. 636.    *Bissell* v. *Briggs*, 9 Mass 462.    *Hall* v. *Williams*, 6 Pick. 232.

3. The construction put upon the contract was wrong ; and it was for the jury to say when the time commenced.    *Cabot* v. *Winsor*, 1 Allen, 546.

4. The rule that a general verdict will be sustained upon several counts applies only where the counts are all for the same cause of action.    Gen. Sts. *c.* 156, § 11 ; *c.* 129, § 2.    *Elder* v. *Bemis*, 2 Met. 607.    *Baker* v. *Sanderson*, 3 Pick. 353.    *Cornwall* v. *Gould*, 4 Pick. 446.    *Clark* v. *Lamb*, 8 Pick. 415.

*H. L. Dawes*, (*A. J. Waterman* with him,) for the plaintiff.

BIGELOW, C. J.    1. The objection taken to the jurisdiction of the court founded on the alleged illegal service of the writ cannot avail the defendants.    So far as it was raised by a demurrer to the plea in abatement, the decision of the court below was final under Gen. Sts. *c.* 115, § 7.    It was a determination of a question raised on a plea in abatement, and within the express terms of the statute.    Nor can it be made the ground of a motion to dismiss the action.    It is based on facts which do not appear on the face of the process or the return of the officer.    The court cannot take judicial cognizance of such facts, and it cannot receive evidence to prove them, because no issue of fact,

20 *

*dehors* the record, can be heard and tried on such a motion. *Nye* v. *Liscombe*, 21 Pick. 263. *Simonds* v. *Parker*, 1 Met. 508.

2. The construction of the written contract, bearing date May 13, 1857, in relation to the sale of the horse and the payment of the price by the services of the plaintiff, was within the exclusive province of the court. There was no latent ambiguity created by proof of extrinsic facts which raised any question for the consideration of the jury. If there was any difficulty in interpreting the agreement, it arose from the inaccuracy of the language used by the parties to express their meaning. But this did not absolve the court from the duty of giving a proper interpretation to the contract. *Ricker* v. *Cutter*, 8 Gray, 248. The two papers bore the same date, and were executed and delivered at the same time. They are therefore to be construed as one instrument. They were evidence of a contract by the plaintiff for service during a continuous period of eight months, and an agreement on his part to buy, and on the part of the defendant, Whittlesey, to sell the horse in payment for services to be rendered by the plaintiff during a portion of that period. The court was therefore right in instructing the jury that, if the plaintiff had paid for the horse by rendering services as stipulated by the contract for four months and a half, the condition of the sale was fulfilled, and the property in the horse had become vested in him.

3. The motion in arrest of judgment cannot prevail. The several counts in the declaration, except the fourth, were properly joined under Gen. Sts. *c.* 129, § 2, *cl.* 5, and the jury were correctly and distinctly instructed by the court that the plaintiff was not entitled to recover on the fourth count. It must now be assumed that under this explicit instruction no damages were given for the alleged slander set out in the fourth count. The verdict was therefore a general verdict in damages on three counts, which were valid and sufficient and properly joined, and in support of which there was evidence laid before the jury. The assessment of entire damages on all the counts constitutes no error. If the defendant wished that the damages on each count should be assessed and returned separately, he should

have requested the court to instruct the jury to return their verdict accordingly. Having failed to do so, he cannot now take the objection that the verdict was general and does not show the damages which were assessed on each cause of action set out in the declaration. 1 Chit. Pl. (6th Amer. ed.) 445.

*Exceptions overruled.*